**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| ERAN EVANS, | ) | CASE NO. 1:20-cv-00041 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE STEPHANIE K. |
| | ) | BOWMAN |
| v. | ) | |
| | ) | |
| THE HILLMAN GROUP, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**DEFENDANT THE HILLMAN GROUP, INC.'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

Defendant The Hillman Group, Inc. ("Hillman") hereby propounds the following Answers to Plaintiff Eran Evan's ("Plaintiff's") First Interrogatories and Responses to Plaintiff's First Requests for Production of Documents, subject to all objections stated herein.

**PRELIMINARY OBJECTIONS**

1.     Hillman objects to Plaintiff's First Interrogatories and Requests for Production of Documents (collectively, the "Discovery Requests") to the extent that Plaintiff defines Hillman to mean all Hillman locations, and not only Hillman's Cincinnati, Ohio location where Plaintiff was employed. Unless specifically stated, all references to "Hillman" herein shall refer to Hillman's Cincinnati, Ohio location.

2.     Hillman objects to Plaintiff's definition of "Participated" in Instruction (A) as overbroad (defining "Participated" to include "indirect" action).

1

3. Hillman objects to Plaintiff's definition of "Personnel File" to the extent it refers to the "Ohio Bureau of Employment Services." No such governmental agency exists. Hillman interprets this reference as intending to refer to the Ohio Department of Job & Family Services.

4. Hillman objects to Instructions (E), (G), (H), and (L) to the extent they seek to impose duties upon Hillman not required by the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court for the Southern District of Ohio, the United States Code, the Ohio Revised Code, Federal or Ohio common law, or this Court's Standing Orders. Hillman's response to the Discovery Requests is not intended, nor should it be construed, as an acceptance of, or agreement with, any of the instruction, definitions, characterizations, or purported descriptions of transactions or events contained in the Discovery Requests.

5. Hillman objects to Instruction (F) as overbroad and seeking irrelevant information (seeking information from "all employees who worked for Defendant at any time during the specified period.").

## ANSWERS TO INTERROGATORIES

## INTERROGATORY NO. 1.

State the full name(s) and title(s) of any individual(s) who participated in preparing these responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.

**ANSWER**    **These are the Answers of Defendant Hillman, prepared by counsel with information furnished by various employees of Hillman. The Answers have been verified by Hillman in accordance with Ohio Civ. R. 33(A)(3). A signed verification will be forthcoming.**

**INTERROGATORY NO. 2.**

Identify Plaintiff's supervisor(s) and manager(s) while employed with Hard Rock. For each

individual, state:

    A.  Name,

    B.  Race,

    C.  Position with Hillman, and

    D.  Dates of employment.

**ANSWER** **Hillman objects to this Interrogatory to the extent it seeks information belonging to "Hard Rock," as it impermissibly seeks information in the possession, custody, or control of third parties.**

**Without waiving this objection, and construing in good faith Interrogatory No. 2 to be directed at Hillman and not "Hard Rock," Hillman states as follows:**

> **Name: Tia Schaeper**
> **Race: Caucasian**
> **Current Title: Product Manager**
> **Dates of Employment: September 2015 to Present**

**INTERROGATORY NO. 3.**

Identify Plaintiff's dates of employment with Hillman.

**ANSWER** **Plaintiff was employed by Hillman from July 15, 2019 until July 18, 2019.**

**INTERROGATORY NO. 4.**

Identify all persons Hillman believes to have knowledge of the facts concerning the claims or

defenses at issue in this lawsuit, and a brief description of that knowledge.

**ANSWER**

> 1.  **Eran Evans**
>     **c/o Plaintiff's Counsel**
>
>     **Ms. Evans will have information relevant to her claims in this action.**

2. **Tia Schaeper**
**Manager, Supply Chain Planning- Home Segment (former), The Hillman Group, Inc.**
**c/o Defense Counsel**

Ms. Schaeper will have information relating to Hillman's business; Ms. Schaeper's and Plaintiff's employment with Hillman; the circumstances of Plaintiff's hire and commencement of employment with Hillman; Ms. Schaeper's supervision, training, and management of Plaintiff during Plaintiff's employment with Hillman; the responsibilities, expectations, and duties of Plaintiff's position(s) during employment with Hillman; Ms. Schaeper's communications and other interactions with Plaintiff during her employment with Hillman; the reasons for Plaintiff's termination; and other related issues. Ms. Schaeper is to be contacted through the undersigned counsel.

3. **Jason Cornett**
**Former Director - Supply Chain Planning & Network Design, The Hillman Group, Inc.**
**7931 Shelldale Way**
**Montgomery, Ohio 45242**
**Tel.: (513) 368-8312**

Mr. Cornett will have information relating to Hillman's business; Mr. Cornett's employment with Hillman; Mr. Cornett's communications and interactions with Mr. Schaeper during their overlapping employment at Hillman; Ms. Schaeper's communications and other interactions with Plaintiff to which Mr. Cornett was a witness; the circumstances of Plaintiff's hire and commencement of employment with Hillman; the reasons for Plaintiff's termination; and other related issues.

4. **Mark Weber**
**HR Business Partner, The Hillman Group, Inc.**
**c/o Defense Counsel**

Mr. Weber will have information relating to Hillman's business; human resources matters; relevant personnel policies and procedures including, but not limited to, policies regarding anti-discrimination, at-will employment, disciplinary procedures, and policies relating to termination of employment; the circumstances of Plaintiff's hire and commencement of employment with Hillman; the reasons for Plaintiff's termination; and other related issues. Mr. Weber is to be contacted through undersigned counsel.

5. **Kim Corbitt**
   **Former Chief Human Resources Officer, The Hillman Group, Inc.**
   **c/o Defense Counsel**

   Ms. Corbitt will have information relating to Hillman's business; human resources matters; and relevant personnel policies and procedures including, but not limited to, policies regarding anti-discrimination, at-will employment, disciplinary procedures, and policies relating to termination of employment; the reasons for Plaintiff's termination; and other related issues. Ms. Corbitt is to be contacted through the undersigned counsel.

6. **Tina Bolser**
   **Supply Chain Planner, The Hillman Group, Inc.**
   **c/o Defense Counsel**

   Ms. Bolser will have personal knowledge regarding all allegations in Plaintiff's Complaint which relate to Ms. Bolser, and other related issues.

7. **Chelsea Whyte**
   **Supply Chain Manager – Fasteners, The Hillman Group, Inc.**
   **c/o Defense Counsel**

   Ms. Whyte will have personal knowledge regarding her interactions with and observations of Plaintiff and her involvement in Plaintiff's interview.

8. **Justin Sullivan**
   **Senior Supply Planner, The Hillman Group, Inc.**
   **c/o Defense Counsel**

   Mr. Sullivan will have personal knowledge regarding all allegations in Plaintiff's Complaint which relate to Mr. Sullivan, and other related issues.

9. **Todd Federle**
   **Senior Supply Chain Planner, The Hillman Group, Inc.**
   **c/o Defense Counsel**

   Mr. Federle will have personal knowledge regarding all allegations in Plaintiff's Complaint which relate to Mr. Federle, and other related issues.

Hillman reserves the right to supplement its Answer to this Interrogatory as discovery is ongoing.

**INTERROGATORY NO. 5.**

To the extent Hillman contends Plaintiff was employed by another entity during the timeframe

relevant to the Complaint, Identify the entity Plaintiff was employed by.

**ANSWER**       **Hillman is not aware of any other entity that employed Plaintiff during her employment with Hillman. Hillman reserves the right to supplement its Answer to this Interrogatory as discovery is ongoing.**

**INTERROGATORY NO. 6.**

To the extent Hillman has failed to fully admit to every averment contained in Plaintiff's

Complaint, state the facts, including, but not limited to, identifying all witnesses on which Hillman

relies to form the basis of that answer.

**ANSWER**       **Objection. This Interrogatory seeks a narrative response more appropriately obtained through deposition testimony.**

**Subject to and without waiving this objection, all denials contained in Defendants' Answer to Plaintiff's Complaint (Dkt. 21) speak for themselves. Further answering, see Hillman's Answer to Interrogatory No. 4, above.**

**INTERROGATORY NO. 7.**

State Hillman's legitimate business reason for terminating Plaintiff's employment.

**ANSWER**       **Objection. This Interrogatory seeks a narrative response more appropriately obtained through deposition testimony.**

**Subject to and without waiving this objection, Hillman terminated Plaintiff's at-will employment due to her perceived continued lack of interest and engagement in her new position after only three full days of work.**

**INTERROGATORY NO. 8.**

Identify all individuals involved in the decision to terminate Plaintiff's employment. For each

individual, state:

    A. Name,

B. Race,

C. Position with Hillman, and

D. Dates of employment.

**ANSWER**      **Objection. This Interrogatory contains a phrase capable of multiple interpretations ("involved in the decision") and is therefore vague and ambiguous as written. Hillman interprets this Interrogatory as seeking the identity of any individual who either recommended that Plaintiff be terminated, or who approved such a decision.**

     **Subject to this objection, Tia Schaeper contacted Jason Cornett to express concerns with Plaintiff's perceived lack of interest and engagement during her first few days of work. Jason Cornett contacted Kim Corbitt, Hillman's Chief Human resources Officer, who recommended that Hillman terminate Plaintiff's employment. Based on his call with Ms. Corbitt, Mr. Cornett instructed Ms. Schaeper to move forward with separation. Ms. Schaeper and Mark Weber, Human Resources Business Partner at Hillman, met with Plaintiff in person to communicate Hillman's decision to terminate her employment.**

## INTERROGATORY NO. 9.

Identify all person(s) who replaced Plaintiff and/or took over her duties at Hillman following her separation. For each individual, Identify:

A. Name,

B. Race;

C. Title/Position with Hillman;

D. Dates of employment.

**ANSWER**      **Name: Ryan Leahy**
                       **Race: Caucasian**
                       **Position: Supply Chain Specialist**
                       **Dates of Employment: September 2019 to June 2021.**

## INTERROGATORY NO. 10.

Identify all employees (current or former) of the Hillman location where Plaintiff worked who were discharged, for whatever reason, from January 1, 2019 to December 31, 2019. For each individual listed, Identify:

    A. Name;

    B. Race;

    C. Title/Position with Hillman;

    D. Dates of employment.

    E. Reason(s) for separation.

**ANSWER** **Objection. This Interrogatory is overbroad in scope (seeking information regarding individuals who are not similarly situated to Plaintiff in either position, supervisor, or reason for discipline, seeking position titles other than the title held at the time of termination, and seeking information for discharges that occurred after Plaintiff's July 18, 2019 termination), and therefore seeks information that is neither relevant nor proportional to the needs of the case. Further, in requesting that Hillman describe any identified employee's "[r]eason(s) for separation," this Interrogatory impermissibly seeks a narrative response appropriately obtained through deposition.**

**Subject to and without waiving these objections, Hillman terminated the employment of the following individuals who were employed at its Cincinnati, Ohio headquarters location between January 1, 2019 and December 31, 2019:**

| Name | Race | Title/Position | Dates of Employment | Reason for Separation |
|------|------|----------------|---------------------|-----------------------|
| Brian Groomes | Black | Packaging Operator I HP | 5/13/2019 - 5/23/2019 | No Call/No Show Violation |
| Christine Paynter | White | Customer Service Rep | 4/17/2017 - 2/8/2019 | Violation Work Rules/Policy |
| Courtney Evans | White | Customer Service Rep | 2/12/2018 - 2/8/2019 | Violation Work Rules/Policy |
| Daniel Smercina | White | VP, Customer Experience | 4/4/2005 - 11/1/2019 | Involuntary Other |
| Debora Greesner | White | Account Admin-Inside Sales | 3/16/2010 - 3/18/2019 | Reduction In Force |
| Eran Evans | Black | Sales & Ops Planning Analyst | 7/15/2019 - 7/18/2019 | See Answer to Interrogatory No. 7 |
| Matthew Cooper | White | Wholesale Account Manager | 1/3/2017 - 5/28/2019 | Inability to Perform Job |

| Megan Tyahur | Declined to Answer | Financial Analyst | 4/18/2017 - 12/31/2019 | Reduction In Force |
| Zachary Sherburne | White | Chief Information Officer | 12/5/2016 - 11/8/2019 | Involuntary (Other) |

## INTERROGATORY NO. 11.

Identify all Hillman employees (current or former) at the location where Plaintiff worked who were employed by Defendant from January 1, 2019 to December 31, 2019. For each individual listed, Identify:

    A.  Name;

    B.  Race;

    C.  Title/Position with Hillman;

    D.  Dates of employment;

**ANSWER**    **Objection. This Interrogatory is overbroad in scope (seeking identities of all Hillman employees hired after July 18, 2019, who were not employed in the same or similar position as Plaintiff, and seeking position titles other than those held during the time period subject to this request), and it therefore seeks information that is neither relevant nor proportional to the needs of the case.**

    **Subject to this objection, the following non-supervisor level supply chain employees were employed by Hillman at its Cincinnati, Ohio headquarters location between January 1, 2019 and July 18, 2019:**

| Name | Race | Title/Position | Dates of Employment |
| --- | --- | --- | --- |
| Shawn Benson | White | Supply Planner | 08/03/1998 - Present |
| Janna Wilkerson | White | Supply Planner | 01/07/2013 - Present |
| Eran Evans | Black | Supply Planner | 07/15/2019 – 07/18/2019 |
| Matt Baldwin | White | Supply Planner | 2/5/2018 – 5/3/2019 |

| Justin Sullivan | White | Senior Supply Planner | 03/18/2019 – Present |
| Todd Federle | White | Senior Supply Planner | 9/14/2015 – Present |

## INTERROGATORY NO. 12.

Identify all positions held by Plaintiff – and the date(s) she held each position – during her employment with Hillman.

**ANSWER**  **Plaintiff held the position of Supply Planner from July 15, 2019 to July 18, 2019.**

## INTERROGATORY NO. 13.

Identify all dates on which Plaintiff violated Hillman's workplace policies in any way.  For each alleged incident, Identify:

    A.  The date of the violation;

    B.  The nature of the violation;

    C.  Whether Plaintiff received any discipline of any kind related to the violation;

    D.  The individual from Hillman who issued the discipline to Plaintiff.

**ANSWER**  **Objection. This Interrogatory is overbroad in scope (seeking: (1) information regarding violations Plaintiff may have committed but of which Hillman has no personal knowledge; and (2) information regarding violations that did not result in some form of written discipline). Full compliance with this Interrogatory, as phrased, would require that Hillman interview each of Plaintiff's former coworkers, supervisors, and managers to determine whether they can recall instances of workplace violations not reduced to writing. As such, this Interrogatory's current scope would impose an undue burden on Hillman and is not proportional to the needs of the case.**

**Subject to these objections, Hillman states that Plaintiff was not subject to any formal disciplinary action beyond her termination. Further answering,**

10

> **Hillman refers Plaintiff to its Answer to Interrogatory No. 7, above. In accordance with Fed. R. Civ. P. 33(d), Hillman also refers Plaintiff to all information contained in Plaintiff's personnel file, which Hillman has produced in connection with these responses.**

**INTERROGATORY NO. 14.**

With regard to Defendant Tia Schaeper, Identify:

A. Full name;

B. Race;

C. Title/Position with Hillman;

D. Dates of employment;

**ANSWER** **See Hillman's Answer to Interrogatory No. 2, above.**

**INTERROGATORY NO. 15.**

Please state whether Tia Schaeper is still employed with Hillman. If not, state her date of separation and reason(s) for separation.

**ANSWER** **Tia Schaeper is still employed with Hillman.**

**INTERROGATORY NO. 16.**

Please state whether Tia Schaeper was ever disciplined in any way for any comments made or actions taken against Plaintiff, as alleged in the Complaint.

**ANSWER** **Objection. This Interrogatory assumes facts not in evidence (that Plaintiff's allegations in her Complaint are true and occurred).**

**Subject to this objection, Tia Schaeper was not disciplined in connection with her supervision of or interactions with Plaintiff.**

## INTERROGATORY NO. 17.

Identify Jason (LNU), the individual named in Paragraph 65 of the Complaint.

    A.  Name;

    B.  Race;

    C.  Title/Position with Hillman;

    D.  Dates of employment;

**ANSWER:**    **Objection. This Interrogatory contains a vague and ambiguous phrase ("Jason (LNU)"). Based on the allegations of Plaintiff's Complaint, Hillman interprets this to mean former employee Jason Cornett.**

    **Further objecting, Subpart (C) of this Interrogatory is vague and ambiguous (unclear if Plaintiff is seeking the individual's most recent title, title at the time of Plaintiff's employment, some other title, or all titles) and is therefore overbroad in scope, seeks irrelevant information, and seeks information not proportional to the needs of the case.**

    **Subject to these objections:**

    **Name:**    **Jason Cornett**
    **Race:**    **Caucasian**
    **Title:**    **Director, Supply Chain Planning**
    **Dates:**    **May 2019 to April 2021**

## INTERROGATORY NO. 18.

Please state whether Jason (LNU) is still employed with Hillman. If not, state his date of separation

and reason(s) for separation.

**ANSWER:**    **Objection. This Interrogatory contains a vague and ambiguous phrase ("Jason (LNU)"). Based on the allegations of Plaintiff's Complaint, Hillman interprets this to mean former employee Jason Cornett.**

    **Subject to this objection, Mr. Cornett is no longer an employee of Hillman. Mr. Cornett voluntarily resigned his employment in April 2021.**

**INTERROGATORY NO. 19.**

Identify Justin (LNU), the individual named in Paragraph 60 of the Complaint.

    A.  Name;

    B.  Race;

    C.  Title/Position with Hillman;

    D.  Dates of employment;

**ANSWER:**    **Objection. This Interrogatory contains a vague and ambiguous phrase ("Justin (LNU)"). Based on the allegations of Plaintiff's Complaint, Hillman interprets this to mean current employee Justin Sullivan.**

    **Further objecting, Subpart (C) of this Interrogatory is vague and ambiguous (unclear if Plaintiff is seeking the individual's most recent title, title at the time of Plaintiff's employment, some other title, or all titles) and is therefore overbroad in scope, seeks irrelevant information, and seeks information not proportional to the needs of the case.**

    **Subject to these objections:**

| | |
|---|---|
| **Name:** | **Justin Sullivan** |
| **Race:** | **Caucasian** |
| **Title:** | **Senior Supply Planner** |
| **Dates:** | **March 18, 2019 to Present** |

**INTERROGATORY NO. 20.**

Please state whether Justin (LNU) is still employed with Hillman. If not, state his date of separation and reason(s) for separation.

**ANSWER**    **Objection. This Interrogatory contains a vague and ambiguous phrase ("Justin (LNU)"). Based on the allegations of Plaintiff's Complaint, Hillman interprets this to mean current employee Justin Sullivan.**

    **Subject to this objection, Mr. Sullivan is still employed with Hillman.**

**INTERROGATORY NO. 21.**

Identify Amy (LNU), the individual named in Paragraph 64 of the Complaint.

    A.  Name;

    B.  Race;

    C.  Title/Position with Hillman;

    D.  Dates of employment;

**ANSWER**       **Objection. This Interrogatory contains a vague and ambiguous phrase ("Amy (LNU)"). Based on the allegations of Plaintiff's Complaint, Hillman interprets this to mean current employee Amy League.**

                    **Further objecting, Subpart (C) of this Interrogatory is vague and ambiguous (unclear if Plaintiff is seeking the individual's most recent title, title at the time of Plaintiff's employment, some other title, or all titles) and is therefore overbroad in scope, seeks irrelevant information, and seeks information not proportional to the needs of the case.**

                    **Subject to these objections:**

| | |
|---|---|
| **Name:** | **Amy League** |
| **Race:** | **Caucasian** |
| **Title:** | **Demand Planner** |
| **Dates:** | **October 1, 2018 to Present** |

**INTERROGATORY NO. 22.**

Please state whether Amy (LNU) is still employed with Hillman. If not, state her date of separation

and reason(s) for separation.

**ANSWER**       **Objection. This Interrogatory contains a vague and ambiguous phrase ("Amy (LNU)"). Based on the allegations of Plaintiff's Complaint, Hillman interprets this to mean current employee Amy League.**

                    **Subject to this objection, Ms. League is still employed with Hillman.**

14

**<u>INTERROGATORY NO. 23.</u>**

Identify Todd (LNU), the individual named in Paragraph 73 of the Complaint.

    A. Name;

    B. Race;

    C. Title/Position with Hillman;

    D. Dates of employment;

**<u>ANSWER</u>**    **Objection. This Interrogatory contains a vague and ambiguous phrase ("Todd (LNU)"). Based on the allegations of Plaintiff's Complaint, Hillman interprets this to mean current employee Todd Federle.**

                  **Further objecting, Subpart (C) of this Interrogatory is vague and ambiguous (unclear if Plaintiff is seeking the individual's most recent title, title at the time of Plaintiff's employment, some other title, or all titles) and is therefore overbroad in scope, seeks irrelevant information, and seeks information not proportional to the needs of the case.**

                  **Subject to these objections:**

| | |
|---|---|
| **Name:** | **Todd Federle** |
| **Race:** | **Caucasian** |
| **Title:** | **Senior Supply Planner** |
| **Dates:** | **September 14, 2015 to Present** |

**<u>INTERROGATORY NO. 24.</u>**

Please state whether Todd (LNU) is still employed with Hillman. If not, state his date of separation

and reason(s) for separation.

**<u>ANSWER</u>**    **Objection. This Interrogatory contains a vague and ambiguous phrase ("Todd (LNU)"). Based on the allegations of Plaintiff's Complaint, Hillman interprets this to mean current employee Todd Federle.**

                  **Subject to this objection, Mr. Federle is still employed with Hillman.**

**INTERROGATORY NO. 25.**

Please Identify all dates on which Plaintiff made any complaints of any kind (verbal or written) to

any employee of Hillman. For each complaint, Identify:

    A.  The date of the complaint;

    B.  The nature of the complaint;

    C.  Whether the complaint was verbal or written;

    D.  To whom the complaint was made;

    E.  Whether Hillman investigated the complaint;

    F.  The outcome or resolution of any investigation into that complaint.

**ANSWER**     **Objection. This Interrogatory contains a vague and ambiguous term ("complaint"). Hillman interprets this term to refer to formal complaints of race discrimination made pursuant to Hillman's written policies and procedures. To the extent this Request is not limited to formal complaints made pursuant to Hillman's anti-discrimination policies and procedures, it appears to seek information related to complaints of which Hillman may lack personal knowledge (e.g., offhand complaints to coworkers that were never reported to a supervisor or human resources representative), or complaints which are irrelevant to Plaintiff's claims in this matter (e.g., complaints of matters other than discrimination).**

                **Subject to these objections, Hillman states as follows: After being notified of Hillman's decision to terminate her employment, Plaintiff stated to Tia Schaeper and Mark Weber that her termination was discriminatory, and that Hillman would "hear more from [her]." Apart from this post-termination incident, Plaintiff did voice any objections or otherwise formally complain to a supervisor, manager, or human resources representative about any of the alleged conduct cited in Plaintiff's Complaint.**

AS TO ALL INTERROGATORY OBJECTIONS:

*/s/ Anthony P. McNamara*

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**PRODUCTION REQUEST NO. 1.**

Produce any and all communications concerning the factual allegations or claims at issue in this lawsuit among or between:

    i.   The Plaintiff and Hillman;

    ii.   The Plaintiff's manager(s), and/or supervisor(s), and/or Hillman's human resources representative(s);

    iii.   Plaintiff and any employee or agent of Hillman.

**RESPONSE:** **Objection. As phrased, this Request seeks documents that may already be in Plaintiff's possession or which are equally available to both Plaintiff and Hillman. Responsive documents may be being withheld on the basis of this objection.**

**Subject to and without waiving these objections, see the attached e-mails and attachments, Bates-numbered HILL-EVANS-000001 to 564. Hillman also refers Plaintiff to any and all responsive e-mails produced by Plaintiff in this action or which are otherwise already in Plaintiff's possession, custody, or control.**

**As discovery is ongoing, Hillman reserves the right to supplement its response to this Request in accordance with Fed. R. Civ. P. 26(e).**

**PRODUCTION REQUEST NO. 2.**

Produce any and all communications, including but not limited to emails, letters, and texts messages, between Plaintiff and any employee, agent, independent contractor, or representative of Hillman.

**RESPONSE:** **Objection. This Request is overbroad in scope (information from "any employee, agent, independent contractor, or representative," and without limitation to the topics relevant to any claim or defense in this action), and therefore seeks information that is neither relevant nor proportional to the needs of the case. Further, as phrased, this Request seeks information that is protected by the attorney-client and work-product privileges (seeking communications between employees and "representatives" of Hillman**

**regarding Plaintiff). Documents responsive to this Request are being withheld on the basis of these objections.**

**Moreover, this Request seeks the same information already requested in Request for Production No. 1(iii). Hillman therefore incorporates its objections to Request No. 1 as if fully-rewritten here, and refers Plaintiff to its Response to that Request and all documents produced thereto.**

## PRODUCTION REQUEST NO. 3.

Produce any and all internal communications, including but not limited to emails, letters, and texts messages, between any employees, agents, independent contractor, or representatives of Hillman regarding Plaintiff.

**RESPONSE:** **Objection. This Request is overbroad in scope (information between "any employees, agents, independent contractor, or representatives of Hillman regarding Plaintiff," without limitation to topics relevant to any claim or defense in this action), and therefore seeks information that is neither relevant nor proportional to the needs of the case. Further, as phrased, this Request seeks information that is protected by the attorney-client and work product privileges (seeking communications between employees and "representatives" of Hillman regarding Plaintiff). Documents responsive to this Request are being withheld on the basis of these objections.**

**Moreover, this Request seeks the same information already requested in Request for Production No. 1(ii). As such, Hillman therefore incorporates its objections to Request No. 1 as if fully rewritten here, and refers Plaintiff to its Response to that Request and all documents produced thereto.**

## PRODUCTION REQUEST NO. 4.

Produce any and all responses by Hillman to all claims, lawsuits, administrative charges, and complaints by Plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

**RESPONSE:** **Hillman is not aware of Plaintiff filing or instituting any other lawsuit, administrative charge, or legal proceeding other than this lawsuit and its related EEOC charge. Hillman refers Plaintiff to its Answer to Plaintiff's Complaint (Doc #: 21). Hillman did not submit a response to Plaintiff's Charge of Discrimination before it was summarily dismissed.**

**PRODUCTION REQUEST NO. 5.**

Produce any and all Documents concerning the formation and termination, if any, of the

employment relationship at issue in this lawsuit, irrespective of the relevant time period.

**RESPONSE:** **Objection. This Request is <u>admittedly</u> overbroad in scope ("irrespective of the time period") and therefore seeks information that is neither relevant nor proportional to the needs of the case. Further, Hillman does not dispute the existence of an employment relationship between itself and Plaintiff (*See* Ans. to Compl., Doc #: 21, at ¶ 3).**

**Without waiving this objection, see enclosed documents pertaining to Plaintiff's hire and termination from Hillman produced in response to Production Request No. 1.**

**PRODUCTION REQUEST NO. 6.**

Produce Plaintiff's entire personnel file, in any form, maintained by Hillman.

**RESPONSE:** **Hillman does not maintain a "personnel file" as defined in Plaintiff's Definition No. 6. Further, several categories of documents identified in Plaintiff's definition of "personnel file" are sought through other Requests for Production propounded by Plaintiff. To the extent this Request seeks information sought through other, more specific Requests for Production, Hillman refers Plaintiff to its Responses to those Requests herein. Further responding, see document Bates-numbered HILL-EVANS-000565.**

**PRODUCTION REQUEST NO. 7.**

Produce Defendant Tia Schaeper's entire personnel file, in any form, maintained by Hillman.

**RESPONSE:** **Hillman does not maintain a "personnel file" as defined in Plaintiff's Definition No. 6. Further responding, see documents Bates-numbered HILL-EVANS-000566 to 586.**

**PRODUCTION REQUEST NO. 8.**

Produce all Documents pertaining to Plaintiff's performance while employed with Hillman,

irrespective of the relevant time period.

**RESPONSE:** **Objection. This Request is <u>admittedly</u> overbroad in scope of time and seeks information that is neither relevant nor proportional to the needs of the case**

("irrespective of the relevant time period). This Request also contains a vague and ambiguous phrase ("pertaining to Plaintiff's performance") and is therefore similarly overbroad in scope of substance. Documents potentially responsive to this request are therefore being withheld on the basis of these objections.

Without waiving this objection, see enclosed documents pertaining to Plaintiff's performance while employed with Hillman produced in response to Production Request No. 1.

## PRODUCTION REQUEST NO. 9.

Produce all Documents pertaining to any discipline Plaintiff received while employed with

Hillman, irrespective of the relevant time period.

**RESPONSE:** **Objection. This Request is <u>admittedly</u> overbroad in scope and seeks information that is neither relevant nor proportional to the needs of the case ("irrespective of the relevant time period").**

**Without waiving this objection, see all documents referring or relating to the termination of Plaintiff's employment produced herein.**

## PRODUCTION REQUEST NO. 10.

Produce all Documents pertaining to Plaintiff's attendance while employed with Hillman,

irrespective of the relevant time period.

**RESPONSE:** **Objection. Plaintiff's attendance throughout her employment is not at issue in this case, and therefore this Request seeks information that is neither relevant nor proportional to the needs of the case.**

**Subject to and without waiving these objections, because Plaintiff was a salaried employee and did not "clock in," no responsive documents exist. Further responding, Plaintiff was in attendance for work each day between July 15 and July 18, 2019.**

**PRODUCTION REQUEST NO. 11.**

Produce all Documents pertaining to Plaintiff's schedule, including without limitation, any timesheets and payroll records while employed with Hillman, irrespective of the relevant time period.

**RESPONSE:** **Objection. This Request seeks information that is neither relevant nor proportional to the needs of this case. Plaintiff's attendance is not at issue in this case.**

**Subject to and without waiving these objections, because Plaintiff was a salaried employee and did not "clock in," no timesheet records exist. Further responding, Plaintiff worked each day between July 15 and 18, 2019. Regarding payroll records, see all documents produced in response to Request for Production No. 12, below.**

**PRODUCTION REQUEST NO. 12.**

Produce all paystubs and 1099s/W2s for Plaintiff during her employment with Hillman.

**RESPONSE: See documents Bates-numbered HILL-EVANS-000587 and 588.**

**PRODUCTION REQUEST NO. 13.**

Produce all Documents pertaining to any Unemployment claims Plaintiff filed following her separation from Hillman.

**ANSWER** **See documents Bates-numbered HILL-EVANS-000589 to 591.**

21

**PRODUCTION REQUEST NO. 14.**

Produce all Documents pertaining to any Charge of Discrimination Plaintiff filed with the Equal

Employment Opportunity Commission or Ohio Civil Rights Commission pertaining to her

employment with or separation from Hillman.

**RESPONSE:** **Objection. This Request seeks information that is already in Plaintiff's possession, custody, or control, or that is equally available to Plaintiff as it is Hillman through an appropriate FOIA request to the EEOC. Further, this Request, as phrased, seeks information protected by the attorney-client privilege and work product doctrine. Responsive documents may be being withheld on the basis of these objections.**

          **Subject to these objections, no responsive documents exist.**

**PRODUCTION REQUEST NO. 15.**

Produce any and all workplace policies or guidelines which relate to the following:

    i.    Code of Conduct;

    ii.    Discipline;

    iii.    Termination of employment;

    iv.    Discrimination;

    v.    Harassment;

    vi.    Whistleblowing;

    vii.    Performance reviews or evaluations;

    viii.    Attendance;

    ix.    Misconduct;

    x.    Retaliation; and

    xi.    Nature of the employment relationship between Plaintiff and Hillman.

**RESPONSE:** **Objection. Subparts (v), (vii), and (viii) of this Request seek information that is neither relevant nor proportional to the needs of this case.**

**Without waiving these objections, a copy of Hillman's Employee Handbook has been produced as documents Bates-numbered HILL-EVANS-000592 to 635.**

## PRODUCTION REQUEST NO. 16.

Produce the table of contents and index of any employee handbook, code of conduct, or policies

and procedures manual in effect at the time of Plaintiff's termination.

**RESPONSE: Subject to and without waiving these objections, see documents produced in response to Request No. 15.**

## PRODUCTION REQUEST NO. 17.

Produce any and all job description(s) for the position(s) that Plaintiff held with Hillman.

**RESPONSE: The job description for the Supply Chain Planner position Plaintiff held during the time period relevant to the allegations in his Amended Complaint, enclosed as document Bates-numbered HILL-EVANS-000636 to 638.**

## PRODUCTION REQUEST NO. 18.

Produce any and all Documents which relate to Plaintiff's compensation and benefits, to include, but not limited to include retirement plan benefits, fringe benefits, employee benefit summary plan descriptions, and summaries of compensation.

**RESPONSE: See the following documents:**

- **Paystub and W2 for Plaintiff during her employment with Hillman produced in response to Production Request No. 12.**
- **Plaintiff's summary of benefits, produced document Bates-numbered HILL-EVANS-000639.**

**PRODUCTION REQUEST NO. 19.**

Produce any Agreements between the Plaintiff and Hillman to waive jury trial rights or to arbitrate

disputes.

**RESPONSE: No responsive documents exist.**

**PRODUCTION REQUEST NO. 20.**

Produce any Agreements that governed Plaintiff's employment at the time of her separation from

Hillman, including without limitation, any Collective Bargaining Agreement, independent

contractor agreement, or employment agreement.

**RESPONSE: Plaintiff was at all times an "at will" employee of Hillman. As such, her employment was not governed by any contractual "Agreement." Please refer to all documents produced in response to Request No. 15 for all relevant employment policies to which Plaintiff was subject as a Hillman employee.**

**PRODUCTION REQUEST NO. 21.**

Produce any and all Documents concerning investigation(s) by Hillman of any complaint(s) made

about the Plaintiff while she was working with Hillman.

**RESPONSE: Objection. This Request contains an undefined term capable of multiple interpretations ("complaint(s)"). Further, this Request, as phrased, seeks information protected by the attorney-client privilege.**

**Subject to these objections, see enclosed documents produced in response to Production Request No. 1.**

**PRODUCTION REQUEST NO. 22.**

Produce any and all Documents concerning investigation(s) by Hillman of any complaint(s) made

by the Plaintiff while she was working with Hillman.

**RESPONSE: Objection. This Request contains an undefined term capable of multiple interpretations ("complaint(s)"). This Request is also overbroad in scope of**

**substance (seeking documents related to complaints or reports made by Plaintiff that do not relate to race-related discrimination or harassment), and therefore seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request, as phrased, seeks information protected by the attorney-client privilege.**

**Subject to these objections, no responsive documents exist because (1) Plaintiff did not make any complaints about race-related discrimination or harassment to her supervisor or a human resources representative, and (2) Hillman is not aware of Plaintiff submitting any other kind of formal "complaint" during her employment with Hillman.**

## PRODUCTION REQUEST NO. 23.

Produce any and all Documents concerning any reports or complaint(s) made by the Plaintiff while she was working with Hillman.

**RESPONSE:** **Hillman incorporates its objections and response to Request No. 22 as if fully-rewritten here.**

## PRODUCTION REQUEST NO. 24.

Produce any and all Documents concerning investigation(s) by Hillman of any wrongdoing and/or violations of workplace policies perpetrated by Plaintiff while employed with Hillman.

**RESPONSE:** **This Request is duplicative of Request for Production No. 21. Therefore, Hillman incorporates its objections to Request No. 21 as if fully-rewritten here.**

## PRODUCTION REQUEST NO. 25.

Produce any and all Documents concerning investigation(s) by Hillman of any wrongdoing and/or violations of workplace policies perpetrated by Defendant Schaeper [sic] while employed with Hillman.

**RESPONSE:** **No responsive documents exist.**

**PRODUCTION REQUEST NO. 26.**

Produce any insurance policies owned by Hillman that cover Plaintiff's claims in this lawsuit.

**RESPONSE: No responsive documents exist.**

**PRODUCTION REQUEST NO. 27.**

Produce any and all Documents in the possession of Hillman and/or Hillman's agent(s) that relate

in any way to Plaintiff's health while employed with Hillman, including without limitation, any

disabilities, injuries, medical conditions, FMLA leave requests, short-term or long-term disability,

and/or requests for reasonable accommodations.

**RESPONSE: Objection. This Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This action asserts claims of race discrimination, not disability- or FMLA-related claims.**

**PRODUCTION REQUEST NO. 28.**

Produce any other document(s) upon which Hillman relies to support the defenses and affirmative

defenses raised in its Answer to Plaintiff's Complaint.

**RESPONSE: Objection. As phrased, this Request seeks information inherently protected by the work product privilege.**

**Without waiving this objection, none other than the documents already produced herein. Hillman reserves the right to supplement this response in accordance with Fed. R. Civ. P. 26(e).**

**PRODUCTION REQUEST NO. 29.**

Produce all documents pertaining to training completed by Plaintiff while working with Hillman.

**RESPONSE: Objection. This Request contains a vague and ambiguous term ("training") and is therefore overbroad in scope (seeking documents for "training" other than formal training provided by Hillman or obtained from a third party with**

**Hillman's approval). Therefore, this Request seeks information that is neither relevant nor proportional to the needs of the case.**

**Subject to and without waiving these objections, no responsive documents exist.**

## PRODUCTION REQUEST NO. 30.

To the extent Hillman has failed to fully admit to every averment contained in Plaintiff's

Complaint, provide all documents on which Hillman relies to form the basis of that answer and/or

have reviewed or possessed regarding that issue

**RESPONSE: Hillman's denials in its Answer to the Complaint speak for themselves. Further responding, none other than the documents already produced herein. Hillman reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e).**

## PRODUCTION REQUEST NO. 31.

Produce any other documents of any kind, not already requested above, in Hillman's possession,

custody, or control that relate in any way to Plaintiff.

**RESPONSE: Objection. This Request is overbroad in scope (seeking "any other documents…that relate in any way to Plaintiff," and seeking all documents related "in any way" to Plaintiff), and therefore seeks information that is neither relevant nor proportional to the needs of the case. For these reasons, the scope of this Request, as phrased, also seeks to impose an undue burden on Hillman. Responsive documents are being withheld on the basis of these objections.**

Respectfully submitted,

*/s/ Anthony P. McNamara*
Megan S. Glowacki (0086572)
Anthony P. McNamara (0093670)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 352-6700
Fax: (513) 241-4771
Megan.Glowacki@ThompsonHine.com
Anthony.McNamara@ThompsonHine.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on June 21, 2021, I served a copy of the foregoing on counsel for Plaintiff

Eran Evans via e-mail at Matthew.Bruce@SpitzLawFirm.com and

Evan.McFarland@SpitzLawFirm.com.

*/s/ Anthony P. McNamara*
Anthony P. McNamara

## VERIFICATION

I, Mark Weber, having been duly cautioned and sworn, state that I am a Human Resources Business Partner for The Hillman Group, Inc. ("Hillman"), and that I am an authorized agent of Hillman for the purpose of executing this verification. While I do not have personal knowledge of all the facts recited in the foregoing Answers to Plaintiff's First Set of Interrogatories, the information contained therein has been collected and made available to me by others from sources usually searched to secure the necessary information, and the information contained therein is true and correct to the best of my knowledge information and belief, based upon the information made available.



OFFICIAL SEAL
FAITH WORKMAN
NOTARY PUBLIC - KENTUCKY
STATE-AT-LARGE
My Comm. Expires 01/13/2024
ID # KYNP745

Sworn to before me and subscribed in my presence this 24th day of June,

2021.

Notary Public